IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VOLUMECOCOMO APPAREL, INC., | ) Case No. 11-4201-SC |
| Plaintiff, | ) ORDER GRANTING GEMADEPT'S |
| v. | ) <u>MOTION TO DISMISS</u> |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC.; EXPEDITORS INTERNATIONAL OCEAN, | ) |
| Defendants. | ) |
| HANJIN SHIPPING CO., LTD, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GEMADEPT CORP., | ) |
| Third-Party Defendant. | ) |
| EXPEDITORS INTERNATIONAL OF WASHINGTON, INC., | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| GEMADEPT CORP., | ) |
| Third-Party Defendant. | ) |

## I. INTRODUCTION

Volumecocomo Apparel, Inc. ("Volumecocomo") brings this action against Expeditors International of Washington, Inc. and Expeditors International Ocean (collectively, "Expeditors") for loss of and damage to ocean cargo. ECF No. 1 ("Volumecocomo Compl."). Volumecocomo's action has triggered a number of third-party actions for indemnity and contribution: (1) Expeditors filed a third-party complaint against Hanjin Shipping Co., Ltd, ("Hanjin"); (2) Hanjin filed a third-party complaint against Gemadept Corporation ("Gemadept"); and (3) Expeditors filed a cross-claim against Gemadept. ECF Nos. 8 ("Expeditors Compl."); 21 ("Hanjin Compl."); 26 ("Expeditors Crosscl."). Gemadept now moves to dismiss Hanjin's third-party complaint and Expeditors' cross-claim for lack of personal jurisdiction.[1] ECF No. 27 ("Mot."). The Motion is fully briefed. ECF Nos. 31 ("Hanjin Opp'n"), 32 ("Expeditors Opp'n"), 34 ("Reply"). Pursuant to the local rules, the Court finds this matter appropriate for decision without oral argument. As detailed below, the Court GRANTS Gemadept's Motion.

## II. BACKGROUND

The complaints filed by the various parties do not include many details, but the Court has been able to piece together the following facts. On or about January 22, 2011, Volumecocomo delivered 4,947 cartons of women's apparel to Expeditors. Volumecocomo Compl. ¶ 4. Expeditors agreed to transport the shipment from Phnom Penh, Cambodia to Los Angeles, California

---

[1] As discussed in Section III, infra, Gemadept mistakenly brought this Motion under Federal Rule of Civil Procedure 12(b)(6), which concerns a failure to state a claim.

2

aboard "the barge Gemadept," a/k/a the Gemadept 18, and then the "vessel Hanjin Phoenix." Id. According to Hanjin, Gemadept was responsible for first transporting the shipment from Phnom Penh to Ho Chi Minh City, Vietnam. Hanjin Compl. ¶ 3. Both Volumecocomo and Hanjin allege that the shipment was lost overboard from the Gemadept 18. Volumecocomo Compl. ¶¶ 6-7; Hanjin Compl. ¶ 5.

On August 25, 2011, Volumecocomo filed this admiralty action against Expeditors, alleging damages of over $350,000. Volumecocomo Compl. ¶ 7. Expeditors then sought indemnity and contribution from Hanjin and Hanjin sought indemnity and contribution from Gemadept. Expeditors Compl.; Hanjin Compl. Finally, Expeditors filed a cross-claim against Gemadept, also for indemnity and contribution. Expeditors Crosscl.

On March 1, 2012, Gemadept filed a motion to dismiss Expeditors' and Hanjin's claims, arguing that this Court lacks personal jurisdiction. Mot. at 1. In support of the Motion, Gemadept has filed a declaration by Do Van Minh ("Do"), Gemadept's General Director. ECF No. 38 ("Do Decl.") ¶ 2. Do declares that Gemadept is a Vietnamese corporation with its principal place of business in Ho Chi Minh City; that Gemadept does not own or charter any vessels that call at ports in the State of California; that Gemadept has no offices, agents, business records, bank accounts, property, or employees in California; that Gemadept does not advertise in California; that Gemadept is not registered to do business in California; and that Gemadept's contacts with California are otherwise "non-existent." Id. ¶¶ 4, 7-13.

In opposition to the Motion, Expeditors and Hanjin have submitted several documents which, they argue, show that Gemadept

3

has consented to jurisdiction in this district. These documents are: (1) the Agreement of Carriage between Hanjin and Gemadept, (2) the Gemadept Bill of Lading, and (3) the Hanjin Bill of Lading.[2] Shin Decl. Exs. A ("Agr. Of Carriage"), B ("Gemadept B/L"), C ("Hanjin B/L").[3]

Agreement of Carriage: On October 1, 2010, Hanjin and Gemadept entered into an Agreement of Carriage covering sea carriage by Gemadept on Hanjin's behalf between certain Asian ports. Agr. of Carriage. Among other things, the Agreement of Carriage provides: "[Gemadept] shall indemnify and hold [Hanjin] harmless from all expenses and liabilities she may incur which, in any way, may be from or connected with loss, damage, delay or misdelivery of cargo and/or containers while in the possession or custody of [Gemadept]." Id. § 7.01. The Agreement also states:

> [Gemadept] agrees to subscribe and shall be bound by the terms and conditions of [Hanjin's] through B/L moving under this agreement, except as otherwise in conflict with the provisions of this Agreement. [Gemadept] shall issue internal memorandum B/L fully incorporating the cargo description of each through B/L for shipment moving under [Hanjin's] through B/L. However, the B/L shall not prevail if in conflict with provisions herein and the terms and conditions of the through B/L.

Id. § 6.01. In other words, Gemadept agreed to be bound by Hanjin's bills of lading so long as those bills of lading do not conflict with the terms of the Agreement of Carriage. With respect

---

[2] The bill of lading ("B/L") "is the basic transportation contract between the shipper-consignor and the carrier; its terms and conditions bind the shipper and all connecting carriers." S. Pac. Transp. Co. v. Commercial Metals Co., 456 U.S. 336, 342 (1982).

[3] Woo-Chol Shin ("Shin"), a claims manager for Hanjin, filed a declaration in support of Hanjin's opposition to the Motion. ECF No. 31-1 ("Shin Decl.").

4

to jurisdiction, the Agreement of Carriage provides: "The courts of Singapore shall have jurisdiction to settle any dispute which may arise between the parties in respect of the construction[,] validity[,] or performance of this Agreement." Id. § 10.02.

Gemadept Bill of Lading: On January 22, 2011, Gemadept issued a bill of lading to Pacific Crown Shipping Ltd., as agent for Hanjin, for the carriage of eleven shipping containers, including the two containers in which Volumecocomo's goods were allegedly shipped from Cambodia to Vietnam aboard the Gemadept 18. Shin Decl. ¶ 6; Gemadept B/L. In its reply brief, Gemadept points to the Terms and Conditions of the Gemadept Bill of Lading, which is attached to the Declaration of Alexander J. Casnocha ("Casnocha"), Gemadept's attorney. ECF No. 40 ("Casnocha Decl.") Ex. A. ("Gemadept B/L Terms & Conditions"). Among other things, the Terms and Conditions provide:

> (2) Jurisdiction
> All actions under the contract of Carriage evidenced by this Bill of Lading shall be brought before the economic Court at HoChiMinh [sic] City and no other Court shall have jurisdiction with regard to any such action, unless the Carrier appeals to another jurisdiction or voluntarily submits himself thereto.

Id. § 27.

Hanjin Bill of Lading: Also on January 22, 2011, Hanjin issued a bill of lading to Expeditors for the containers holding Volumecocomo's goods. Shin Decl. ¶ 10; Hanjin B/L. The reverse side of the Hanjin Bill of Lading defines certain terms. "Carrier" means "Hanjin . . . , its vessel, agents and subcontractors at all stages of carriage . . . ." Id. § 1(b). "Merchant" means "any actual or previous holder of this Bill of Lading, and shall include

shipper, consignor, consignee, owner and receiver of the Goods and their agents." Id. § 1(f). "'Subcontractor' identifies all interests engaged in owning operating or chartering the vessel," including the "feeder line." Id. § 1(i). The front of the Hanjin Seaway Bill identifies Expeditors as the "shipper" and "consignee"; Long Beach, California as "the port of discharge"; Phnom Penh as the "Pier or Place of Receipt"; and Gemadept 18 as the "pre-carriage." Id.

The Hanjin Bill of Lading also contains provisions relating to choice of law and the proper jurisdiction for disputes among the parties. Specifically, the back of the Hanjin Bill of Lading provides:

> Disputes arising under the Bill of Lading shall be determined at the option of the Merchant [i.e., Expeditors] by the courts and in accordance with the law (including choice of law) at (i) the Carrier's [i.e., Hanjin's] principal place of business . . . ; or (ii) the place of receipt of the Goods by the Carrier, or the port of discharge [i.e., Long Beach, California].

Id. § 3(a). While the Hanjin Bill of Lading refers to the Gemadept 18, there is no indication that Gemadept ever consented to it.

### III. LEGAL STANDARD

Gemadept mistakenly moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). The basis of Gemadept's motion is lack of personal jurisdiction, and, thus, the motion should have been brought under Rule 12(b)(2). Despite this mistake, the Court treats Gemadept's motion as one brought under Rule 12(b)(2). Gemadepts' intent was clear from its papers. Further, as both Hanjin and Expeditors have substantively addressed Gemadept's

6

personal jurisdiction arguments, this approach will not unfairly prejudice any of the parties and avoid duplicative briefing.

Where a court considers a motion to dismiss for lack of jurisdiction without an evidentiary hearing, "the plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citations omitted). Jurisdiction must comport with both the long-arm statute of the state in which the district court sits and the constitutional requirements of due process. Mattel, Inc., v. Greiner & Hausser GmbH, 354 F.3d 857, 863 (9th Cir. 2003). Under California's long-arm statute, Cal. Code Civ. Proc. § 410.10, courts may exercise jurisdiction to the extent permitted by the Due Process Clause of the Constitution. Panavision v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). The Due Process Clause allows federal courts to exercise jurisdiction where the defendant has had sufficient minimum contacts with the forum such that exercise of jurisdiction is reasonable. Id. Personal jurisdiction can also be established by the defendant's express or implied consent to be sued in the forum state. Chan v. Soc'y Expeditions, 39 F.3d 1398, 1406 (9th Cir. 1994).

**IV. DISCUSSION**

Gemadept argues that the Court lacks personal jurisdiction because Gemadept has "absolutely zero contact with California." Mot. at 5. Gemadept points out that it operates out of Vietnam and has no employees, offices, or property in California and that its vessels do not call at ports in California. Id. at 2 (citing Do Decl.). Further, the incident that allegedly gave rise to this

United States District Court
For the Northern District of California

1 action occurred thousands of miles away from California.

2 Expeditors and Hanjin do not dispute these factual contentions, but argue that Gemadept has consented to jurisdiction in California through its Agreement of Carriage with Hanjin and Hanjin's Bill of Lading. Expeditors Opp'n at 4-10, Hanjin at 10-17. In short, Expeditors and Hanjin's theory is this: (1) Under Section 6.01 of the Agreement of Carriage, Gemadept agreed to be bound by the terms and conditions of Hanjin's bills of lading; and (2) Under Section 3(a) of the Hanjin Bill of Lading, the jurisdiction for disputes arising out of the Hanjin Bill of Lading may be determined at the option of the "Merchant," i.e., Expeditors, and Expeditors has the option of litigating disputes at the port of discharge, i.e., California.

As Gemadept points out, Expeditors and Hanjin's analysis overlooks key provisions of the Agreement of Carriage -- the only relevant agreement in this case to which both Hanjin and Gemadept consented. Under the Agreement of Carriage, "[t]he courts of Singapore shall have jurisdiction to settle any dispute[] which may arise between [Hanjin and Gemadept] in respect of the construction[,] validity[,] or performance of this Agreement." Agr. of Carriage § 10.02. This provision directly conflicts with Section 3(a) of the Hanjin Bill of Lading, which would allow for jurisdiction in California. Gemadept agreed to "subscribe to and [] be bound by the terms and conditions of [Hanjin]'s through B/L . . . except as otherwise in conflict with the provisions of [the Agreement of Carriage]." Id. § 6.01. Thus, the Agreement of Carriage's jurisdiction selection clause -- which sets jurisdiction in Singapore -- must prevail over the jurisdiction selection clause

in the Hanjin Bill of Lading.[4] To hold otherwise would bind Gemadept to contractual terms to which it never consented -- terms which conflict with the Agreement of Carriage to which both Gemadept and Hanjin consented.

As Gemadept has no contacts with California and has not consented to be sued here, the Court finds that Hanjin and Expeditors' complaints against Gemadept fail for lack of personal jurisdiction.

## V.  CONCLUSION

For the reasons set forth above, the Court GRANTS Gemadept's Motion to Dismiss and DISMISSES Hanjin's Third-Party Complaint (ECF No. 21) and Expeditors' Crossclaim (ECF No. 26) for lack of personal jurisdiction.

IT IS SO ORDERED.

Dated: April 9, 2012

UNITED STATES DISTRICT JUDGE

---

[4] Gemadept also argues that the Terms and Conditions of the Gemadept Bill of Lading, which provide that only the Economic Court at Ho Chi Minh City shall have jurisdiction over disputes arising out of the Gemadept Bill of Lading, are dispositive. Reply at 4. The Court disagrees. As an initial matter, Gemadept failed to properly authenticate or establish the foundation for the Terms and Conditions. But even if the evidence were admissible, it would not be dispositive. Under the Agreement of Carriage, Gemadept's bills of lading "shall not prevail if in conflict with provisions [of the Agreement of Carriage] and the terms and conditions of [Hanjin's] through B/L." Agr. of Carriage § 6.01. Here, the jurisdictional provisions of the Gemadept Bill of Lading conflict with the jurisdictional provisions of both the Hanjin Bill of Lading and the Agreement of Carriage.

9